IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| JOEL FAUST<br>316 Priestford Road<br>Churchville, MD  21028<br><br> and<br><br>MARSHALL FELDMAN<br>6500 Greenspring Avenue<br>Baltimore, MD  21209<br><br>Individually, and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC<br>1701 John F. Kennedy Blvd.<br>Philadelphia, PA  19103<br><br>     Defendant. | Case No. _____ |

## COMPLAINT

Plaintiffs JOEL FAUST and MARSHALL FELDMAN, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, for their Complaint against COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC ("Defendant"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Labor & Employment Article, § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection

1

Law, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.* ("MWPCL") for Defendant's failure to pay Plaintiffs and other similarly-situated persons all earned overtime wages, and failure to compensate Plaintiffs and other similarly-situated persons for all time worked.

2. Defendant operates customer service call centers within this judicial district. During the applicable statute of limitations period, Defendant required Plaintiffs and similarly-situated persons to sign onto a computer and/or telephone system at the beginning of each shift, and to sign off the system at the end of each shift. Defendant pays Plaintiffs and similarly-situated employees only for their scheduled shift time. Employees are not paid for work performed before logging onto the system or work performed after logging off the system, including, but not limited to, booting-up computers, initializing several software programs, reading company emails, and performing other tasks.

3. In addition, Plaintiffs and similarly–situated employees perform uncompensated work for Defendant during what are ostensibly break periods. Such work includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting computers, and initializing software programs.

4. On information and belief, the amount of uncompensated time Plaintiffs and similarly-situated employees spend on unpaid activities averages approximately 10-15 minutes per day, per person, for pre-shift work alone. As a result of working this uncompensated time, Plaintiffs and similarly-situated employees accrue time over 40 hours in the workweek, for which they are not compensated at an overtime rate.

5.  Defendant also engages in a common scheme to withhold incentive payments earned by Plaintiffs and similarly-situated employees. Specifically, Defendant encourages its employees to sell its products and services, or meet other goals, by promising them incentive payments for achieving certain sales and other goals. Defendant, however, violates wage laws and breaches its promises by failing to timely pay these incentives when earned and/or refusing to pay them at all. Further, although required to do so by law, Defendant fails to include these incentive payments as part of Plaintiffs' regular rate of pay when it calculates overtime compensation for hours worked over 40 per workweek.

6.  Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. §216(b).

7.  Plaintiffs bring their MWHL overtime claims and MWPCL unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23.

## THE PARTIES

8.  Representative Plaintiff JOEL FAUST worked as an hourly, non-exempt customer account executive ("CAE") in one of Defendant's Maryland call centers in White Marsh, Maryland during the limitations periods. Plaintiff resides in and is domiciled within this judicial district.

9.  Representative Plaintiff MARSHALL FELDMAN worked as an hourly, non-exempt CAE, in one of Defendant's Maryland call centers in White Marsh, Maryland during the limitations periods. Plaintiff resides in and is domiciled within this judicial district.

10.     Each Representative Plaintiff was employed by Defendant as an "employee," as that term is defined by Section 203 of the FLSA, and as that term is interpreted pursuant to <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-101 *et seq*, §3-401 *et seq.*, and §3-501 *et seq.*

11.     At all relevant times, Defendant was Plaintiffs' "employer" as that term is defined by <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-401(c), and §3-501(b) and Section 203 of the FLSA.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 28 U.S.C. § 1331.

13.     This Court has original jurisdiction over all class claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and in the alternative, supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.  This is a class action in which: (1) there are 100 or more putative members in Plaintiffs' proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

## CLASS ACTION ALLEGATIONS

14.     Plaintiffs and similarly-situated persons are current and former employees who are employed by Defendant in customer service, sales, and similar positions at Defendant's call centers, and who were not paid for some or all of their work activities prior to the beginning of their shifts, or after the end of their shifts, or both.  These positions include, but may not be limited to:

    a.      Customer Account Executive;

    b.      Sales Consultant;

    c.      Sales Associate;

    d.      Customer Service Representative;

    e.      Sales and Customer Service Associate;

    f.      Retention Service Agent;

    g.      Collection Specialist; and

    h.      Inside Sales Representative.

15. Plaintiffs and other employees are similarly situated to one another based primarily on, but not limited to, the duties they performed. Their duties consisted primarily of providing customer service, making sales, and maintaining customer accounts by telephone while working in Defendant's call centers, undergoing same or similar training, working under common employment policies, and being subjected to the same compensation scheme.

16. Defendant knowingly required Plaintiffs and the similarly-situated employees to perform unpaid work before their scheduled shift time, including, but not limited to, booting-up the computer and initializing several software programs.

17. With respect to Plaintiffs' FLSA claim, Plaintiffs seek to represent a collective class that is comprised of and defined as:

> All persons who have been employed in Maryland by Defendant as hourly employees in customer service, sales, and other similar positions, that require logging into and out of the telephone system since August 22, 2007, to the conclusion of this action, and who have not been paid overtime wages for all hours worked in excess of forty (40) hours per week (herein the "FLSA Class").

18.  With respect to Plaintiffs' MWHL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who have been employed in Maryland by Defendant as hourly employees in customer service, sales, and other similar positions that require logging into and out of the telephone system since August 22, 2007, to the conclusion of this action, and who have not been paid overtime wages for all hours worked in excess of forty (40) hours per week (herein the "MWHL Class").

19.  With respect to Plaintiffs' MWPCL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who have been employed in Maryland by Defendant as hourly employees in customer service, sales, and other similar positions that require logging into and out of the telephone system since August 22, 2007, to the conclusion of this action, and who have not been paid for all time worked, or not been paid for other earned compensation (herein the "MWPCL Class")."

20.  Based on information and belief, Defendant employs CAE's in several call centers located throughout Maryland and the United States.

21.  This action is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b), because Plaintiffs are similarly situated in that they all: (A) had similar duties; (B) performed similar tasks; (C) were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically exempted thereunder; (D) were subjected to similar pay plans; (E) were required to work and did work in excess of forty hours per week; and, (F) were not paid at a rate of one and one-half times their respective regular rates of pay for all such overtime hours worked.

22.  This action is also being brought as a class action under Fed. R. Civ. P. 23, because the MWHL Class and MWPCL Class are so numerous that joinder of all class members is impracticable.

23. The Representative Plaintiffs and the members of the MWHL and MWPCL Classes have been equally affected by Defendant's practice of not properly compensating employees for all overtime worked.

24. The Representative Plaintiffs and the members of the MWHL and MWPCL Classes have been equally affected by Defendant's failure to pay all earned wages to its employees.

25. Furthermore, members of the MWHL and MWPCL Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

26. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist, if any, between members of the Classes.

27. The Representative Plaintiffs, the members of the MWHL and MWPCL Classes, and Defendant have a commonality of interest in the subject matter and the remedy sought.

28. The Representative Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the MWHL and MWPCL Classes. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

29. If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the MWHL and MWPCL Classes, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

30. The books and records of Defendant are material to Plaintiffs' case as they disclose the hours alleged to have been worked by members of the MWPCL and MWHL Classes and the amounts they were paid for that work.

31. Plaintiffs have retained counsel experienced in complex employment litigation and in class action litigation.

32. Plaintiffs and their counsel will fairly and adequately protect the interest of both classes.

## COUNT I
### Violation of the Fair Labor Standards Act
**(Collective Action)**

33. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

34. Plaintiffs assert claims for unpaid overtime pursuant to the FLSA.

35. At all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 U.S.C. 203 (s).

36. At all times relevant hereto, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. 203(d).

37. At all times relevant hereto, each Individual Plaintiff was an "employee" as defined by Section 3(e) of the FLSA. 29 U.S.C. 203(e).

38. Plaintiffs were not paid for all hours worked in excess of 40 hours in a workweek during the limitations period in violation of the maximum hours' provisions of the FLSA. 29 U.S.C. 207(a).

39. At all times relevant hereto Defendant's failure to pay Individual Plaintiffs one and one-half their regular rate for all hours worked over 40 hours in a workweek was willful in that, among other things:

   a. Defendant knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week.

   b. Defendant failed to maintain true and accurate time records.

   c. Defendant encouraged plaintiffs to not record all hours worked.

40. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to section 16(b) of the FLSA. Alternatively, should the Court find Defendant has not acted willfully in failing to pay minimum wage and overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41. Accordingly, Plaintiffs are due unpaid overtime wages and liquidated damages, pursuant to 29 U.S.C. 216.

## COUNT II
### Violation of the Maryland Wage and Hour Law
### (Class Action)

42. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

43. This Court has original jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1332(d) and in the alternative, supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

44. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Maryland Wage and Hour. <u>Md. Code Ann.,</u> Labor & Employment Article, § 3-401, *et seq.* Plaintiffs bring this action on their own behalf and on behalf of the MWHL Class pursuant to <u>Md. Code Ann.,</u> Labor & Employment Article, § 3-427.

45. Pursuant to <u>Md. Code Ann.,</u> Labor & Employment Article, §§ 3-415 and 420, for all weeks during which Plaintiffs and the MWHL Class worked in excess of 40 hours, Plaintiffs and the MWHL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

46. Defendants did not pay Plaintiffs and the MWHL Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

47. Defendants violated the Maryland Wage and Hour Law by failing to compensate Plaintiffs and the MWHL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

48. Pursuant to <u>Md. Code Ann.,</u> Labor & Employment Article, § 3-427, Plaintiffs and the MWHL Class are entitled to recover the difference between the wage paid to the employee and the wage required under the statute, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs and the MWHL Class pray for judgment against Defendant as follows:

    A. Judgment in the amount of the difference between the wage paid to the employee and the wage required under the statute;

    B. Reasonable attorney's fees and costs incurred in filing this action; and

    C. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Maryland Wage Payment and Collection Law
### (Class Action)

49. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

50. This count arises under the MWPCL, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq*., for Defendant's failure and refusal to pay Plaintiffs and the MWPCL Class they represent all their wages earned, including incentive payments, at the rates agreed to by the parties.

51. During the course of their employment with Defendant, Plaintiffs were not compensated for all time worked in certain workweeks.

52. Other similarly-situated employees were not compensated for all time worked in certain work weeks.

53. Plaintiffs and the MWPCL Class were entitled to be compensated for all time they worked at the rate agreed to by the parties.

54. Defendant's failure to pay Plaintiffs and the MWPCL Class members for all earned wages, including incentive payments, at the rates agreed to by the parties violated the MWPCL.

55. Plaintiffs represent certain current and former employees of Defendant who have not been paid for all their earned wages, including incentive payments, at the rates agreed to by the parties in the past three years, through and including the present.

56. The wages withheld from Plaintiffs were not withheld as a result of a bona fide dispute.

WHEREFORE, Plaintiffs and the MWPCL Class pray for judgment against Defendant as follows:

A. Judgment in the amount of all back wages due, as provided by the Maryland Wage Payment and Collection Act pursuant to <u>Md. Code Ann.,</u> Labor & Employment Article, § 3-507.1(a);

B. Judgment in the amount of three times the amount of wages due <u>Md. Code Ann.,</u> Labor & Employment Article, § 3-507.1(b);

C. Reasonable attorney's fees and costs incurred in filing this action;

D. Prejudgment interest at 6% per annum on the back wages in accordance with the MD Const. Art III, § 57;

E. An injunction precluding Defendant from violating the Maryland Wage Payment and Collection Act, <u>Md. Code Ann.,</u> Labor & Employment Article, §3-501, *et seq.*; and,

F. Such other and further relief as the Court deems appropriate and just.

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative, Plaintiffs Joel Faust and Marshall Feldman, individually and on behalf of all others similarly situated, by and through their attorney, demand judgment against the Defendant for a sum that will properly, adequately and completely compensate Plaintiffs and the Classes for the nature, extent and duration of their damages, the costs of this action and further request the Court:

A. Certify a class of individuals for Counts II and III who were employed or are currently employed by Defendant as hourly, non-exempt customer account executives or other similarly-situated positions in the State of Maryland at any time during the relevant statute of limitations period;

B. Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all hourly, non-exempt customer account

executives employed by Defendant who currently work or have worked for the Defendant within the last (3) years;

C. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former hourly, non-exempt customer account executives employed by the Defendant during the three years immediately preceding this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

D. Declare and find that the Defendant committed one or more of the following acts:

    i. Violated provisions of the FLSA with respect to Plaintiffs and similarly-situated employees who opt-in to this action;

    ii. Willfully violated provisions of the FLSA with respect to Plaintiffs and similarly-situated employees who opt-in to this action;

E. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all wages and overtime compensation due to Plaintiffs under Count I brought under the FLSA;

G. Award all costs and reasonable attorney's fees incurred prosecuting this claim;

H. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

I. Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and,

J. For such further relief as the Court deems just and equitable.

                                                 Respectfully submitted,
                                                 ANDALMAN & FLYNN

                                                 _____/s/_____
                                                 Daniel A. Katz, Bar No. 13026
                                                 8601 Georgia Avenue, Suite 604
                                                 Silver Spring, MD 20910
                                                 (301) 563-6685
                                                 (301) 563-6681 (fax)
                                                 dkatz@a-f.net

                                                 STEPHAN ZOURAS, LLP
                                                 James B. Zouras
                                                 Ryan F. Stephan
                                                 205 N. Michigan Avenue, Suite 2560
                                                 Chicago, Illinois  60601
                                                 312-233-1550
                                                 312-233-1560 (fax)
                                                 lawyers@stephanzouras.com

                                                 Attorneys for Plaintiff

N:\WDocs\CLIENTS\COMCAST\pleadings\complaint.doc