UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND  21201
(410) 962-7810
FACSIMILE (410) 962-2577

March 27, 2012

To all counsel of record.

Re: <u>Faust v. Comcast Cable Communications Management, LLC.</u>, No. 10-2336-WMN

Dear Counsel:

  The time period during which members of this conditionally certified FLSA collective action were permitted to opt-in has expired, and 56 opt-in Plaintiffs have joined the two named-Plaintiffs in the action.  Now that the size of the opt-in class is certain, the parties have submitted a Joint Request for Modification of the Court's Scheduling Order Regarding Discovery, ECF No. 55.  The "Joint Request" contains each side's proposal with regard to deposition hours, limitations on written discovery, and a deadline for the completion of discovery.

  Defendant requests that the Court increase the number of deposition hours permitted per side from 40 hours, as ordered by the Court on November 8, 2010,  <u>see</u> ECF No. 15,  to 80 hours so that Defendant will have adequate hours to depose approximately half of the opt-in Plaintiffs.  Defendant also proposes that it be permitted to serve up to 10 interrogatories and 10 requests for admissions on each opt-in Plaintiff that it not depose, in addition to up to 10 requests for production that it may serve on all opt-in Plaintiffs.  Plaintiffs oppose Defendant's proposal and argue that permitting individualized discovery of all opt-in Plaintiffs will be overly burdensome and costly, and contrary to the goal of efficiency that is central to proceeding as a FLSA collective action.  Instead, Plaintiffs propose, Defendant may complete taking depositions under the allotted 40 hours (estimated to be 11 more opt-in depositions, in addition to 2 already taken) and take written discovery from another 11 opt-ins, so that it will have individual discovery from approximately half of the opt-in Plaintiffs.

  The Court agrees with Defendant that it should be permitted to obtain individualized discovery from all opt-in Plaintiffs.  The number of opt-ins is relatively small and such discovery is warranted so that sufficient factual information is in the record to assess whether the opt-in Plaintiffs are in fact "similarly situated," a determination that will be central to whether the case may continue forward as a collective action.  See, e.g., <u>Brooks v. Farm Fresh, Inc.</u>, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (allowing discovery of 127 opt-in plaintiffs in conditionally certified FLSA collective action); <u>Ingersoll v. Royal & Sunalliance USA, Inc.</u>, No. C05-1774-MAT, 2006 WL 091097 (W.D. Wash. July 24, 2006) (allowing individualized discovery of all 36 opt-in plaintiffs in conditionally certified FLSA collective action).  Furthermore, permitting Defendant to obtain individualized discovery from all opt-ins is also equitable because Defendant has

already agreed to provide Plaintiffs with payroll records, time records, personnel files, and emails for all opt-in Plaintiffs.

The Court is mindful of Plaintiffs' concerns, however, that allowing 80 hours of depositions and discovery of all opt-in Plaintiffs could become very costly. In order to best balance the costs of the requested discovery with its likely benefits pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the Court will adhere to its November 8, 2010, Order and limit the parties to 40 hours of deposition per side but permit Defendant to obtain individualized discovery, in the form of up to 10 interrogatories and up to 10 requests for admissions from all opt-in Plaintiffs that it does not depose. Defendant may also serve up to 10 requests for production on all opt-in Plaintiffs, whether deposed or not. Furthermore, the Court will set the deadline for discovery as September 3, 2012, with a status report due on September 10, 2012.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/
William M. Nickerson
Senior United States District Judge

cc: Court File