# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| JOEL FAUST, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 1:10-cv-02336-WMN |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | : |
| Defendant. | : |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
<u>PLAINTIFF JEROME ANDERSON</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Rule 104, Defendant Comcast Cable Communications Management, LLC ("Comcast"), requests that Plaintiff Jerome Anderson ("Plaintiff" or "Anderson") answer the following Requests for Production of Documents, and produce within thirty (30) days of service of these requests, on counsel for Comcast, all documents requested below that are in the possession, custody or control of Anderson or his attorneys, accountants, or representatives. All documents shall be served on undersigned counsel at Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Ave. NW, Washington, DC 20004.

Each of the following requests is continuing in nature. Accordingly, if after producing any documents, Anderson, or any other person on his behalf, obtains or becomes aware of additional information or documents pertaining to any request for production, Anderson is required, pursuant to Fed. R. Civ. P. 26(e), to provide such information or documents, by way of supplemental responses. Such supplemental responses are to be made and served upon undersigned counsel at the address stated above within thirty (30) days after the Anderson

receives or become aware of such information or documents, but no later than one (1) week prior to the date of any trial or hearing in this action.

These requests should be read, interpreted and responded to in accordance with the definitions and instructions below. Each answer to these requests should be made in accordance with the detail required by these definitions and the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 34(b), all documents shall be organized and labeled to correspond with the categories of documents requested below.

## DEFINITIONS

The following definitions apply to all discovery requests:

1. The term "Complaint" means the Complaint entitled *Joel Faust and Marshall Feldman, Individually, and on Behalf of All Others Similarly Situated v. Comcast Cable Communications Management, LLC,* No. 1:10-CV-2336, filed August 23, 2010, in the United States District Court for the District of Maryland, Northern Division.

2. The term "document" means the "original" and each "duplicate" of every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and includes all printed, typed, recorded, photographic, written and graphic matter (including audio or video tape recordings), however printed, coded, stored, produced or reproduced, of any kind or description, whether sent or received or not, and all copies, drafts, or versions thereof which are different in any way from the original (whether by interlineation, date-stamp, handwritten notes, highlighting, indication of copies sent or received, or otherwise), including but not limited to: any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, computer file, electronic mail message (E-mail), telegram, telex, object,

report, opinion, investigation, record, transcript, study, note or notation, working paper, summary, intra- or inter-office communication, diary or calendar, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, records or recording or summary of any hearing, meeting, telephone or other conversation, or of any interview or of any conference, or any other written, computerized, recorded, transcribed, punched, taped, filmed or graphic matter of which you have or have had possession, custody or control, or of which you have knowledge.

      3.      The terms "you," "your," and "Plaintiff" refers to Plaintiff Jerome Anderson.

      4.      The term "person" includes natural persons, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, or any other group or combination acting as an entity.

      5.      The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, including computer data storage and processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

      6.      "Comcast" or "Defendant" refers to Defendant Comcast Cable Communications Management, LLC.

7. The term "relating to" means concerning, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating, supporting, contradicting, and/or being in any way relevant to a given subject.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. In responding to these requests, furnish all information or documents which are available, including information or documents in the possession, custody or control of Plaintiff's attorneys, representatives, employees, agents or investigators, and not merely such information or documents held by Plaintiff. If Plaintiff is unaware of the existence of any documents responsive to a request, Plaintiff should expressly so indicate. Notwithstanding the foregoing, Plaintiff need not produce any employee handbook, training materials, and/or other official Comcast policy that has already been produced in this litigation.

2. <u>Documents Withheld from Production</u>

If Plaintiff objects to the production of any document requested below, or if Plaintiff withholds from production any document encompassed by these requests, Plaintiff shall set forth the following:

    (a) The identify of the document withheld and the legal bases for withholding it;

    (b) The identity of the author, signor, addressee, recipient, and any copied recipient(s) of the withheld document;

    (c) The date on which the document was prepared or created; and

  (d) A summary of the document's contents.

3.  <u>Claim of Privilege</u>

If Plaintiff objects to the production of any document or part of a document on the basis of privilege, or that the document or the information contained in the document constitutes attorney work product, Plaintiff shall provide a statement signed and verified by Plaintiff's attorney which sets forth as to each document that is withheld on a claim of privilege the following information:

  (a) The name and address of the person(s) who possesses or controls the document and each copy of the document;

  (b) The name of the author of the document;

  (c) The name of the sender of the document if different from the author;

  (d) The name of the person(s) to whom copies were sent or otherwise made available;

  (e) The name of any person(s) known to have seen or have possession of a copy of the document if not identified above;

  (f) The business affiliation and job title of every person named in (a) – (e) above;

  (g) The date of the document;

  (h) A brief description of the nature (e.g., letter, memorandum) and subject matter of the document; and

  (i) The bases for the privilege claim.

4. <u>Lost or Destroyed Documents</u>

If any document that would have been responsive to the requests herein has been destroyed or is no longer in Plaintiff's possession, custody or control, provide the following information:

    (a) The date of the document;

    (b) The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;

    (c) The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left Plaintiff's possession, custody or control; and

    (d) The circumstances surrounding the loss of the document or the reason for its destruction.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the hours you worked as a Customer Account Executive ("CAE") or other position identified in paragraphs 14 and 15 of the Complaint while employed with Comcast (including all hours worked for which you allege you were not paid all wages or compensation due) and the time (on any and all days) you arrived and/or left Comcast's premises, started and/or stopped work, started and/or ended a meal or rest break, clocked-in and/or clocked-out of work, booted up or shut down your computer, and logged in and/or out of your telephone. Responsive documents may include, but are not limited to, diaries, calendars, emails, time sheets, time records, appointment books, charts, schedules, notes, or other documents containing or referring to the information sought.

**REQUEST FOR PRODUCTION NO. 2:**

All documents which evidence or support your allegation that Comcast had a policy or practice of requiring CAEs or other positions identified in paragraphs 14 and 15 of the Complaint to perform work for which they were not paid.

**REQUEST FOR PRODUCTION NO. 3:**

If not otherwise produced, all documents supporting, contradicting, or in any way relating to the allegation in Paragraph 2 of the Complaint that "Defendant pays Plaintiffs and similarly-situated employees only for their scheduled shift time.  Employees are not paid for work performed before logging into the system or work performed after logging into the system, including, but not limited to, booting-up computers, initializing several software programs, reading company emails and performing other tasks."

**REQUEST FOR PRODUCTION NO. 4:**

If not otherwise produced, all documents supporting, contradicting, or in any way relating to the allegation in Paragraph 16 of the Complaint that "Defendant knowingly required Plaintiff and the similarly-situated individuals to perform unpaid work before their scheduled shift time, including but not limited to booting-up the computer and initializing several software programs."

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to your claim for damages, including but not limited to documents supporting the total dollar amount of unpaid compensation which you believe you are entitled to in this lawsuit and/or documents relating to the amount and type of other damages incurred and/or sought.

**REQUEST FOR PRODUCTION NO. 6:**

If not otherwise produced, all documents, including emails, regarding any statement made by you or any other person regarding the claims in the Complaint and/or Comcast's defenses thereto, including any written statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other type of recording, or any transcription thereof, which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

**REQUEST FOR PRODUCTION NO. 7:**

All documents identified in or used to prepare your responses to Comcast's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications, to the extent not otherwise produced in response to the foregoing requests or previously produced by Comcast or other Plaintiffs in this matter, supporting, contradicting, or in any way relating to your claims in this matter and/or Comcast's defenses thereto.

Dated: June 15, 2012

Respectfully submitted:

/s/ Russell R. Bruch
James J. Kelley, II, Bar No. 194746
Russell R. Bruch, Bar No. 503288
Lincoln O. Bisbee, Bar No. 28953
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202.739.3000
Facsimile: 202.739.3001
jkelley@morganlewis.com
rbruch@morganlewis.com
lbisbee@morganlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Russell R. Bruch, hereby certify that I served via email, Defendant Comcast Cable Communications Management, LLC's First Request for Production to Plaintiff Jerome Anderson on the 15th day of June, 2012 on the following:

> Daniel A. Katz
> 8601 Georgia Avenue, Suite 604
> Silver Spring, MD  20910
>
> Stephan Zouras, LLP
> James B. Zouras
> Ryan F. Stephan
> 205 N. Michigan Avenue, Suite 2560
> Chicago, IL  60601
>
> Counsel for Plaintiffs

    /s/
Russell Bruch