```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

JOEL FAUST, et al.              *
                                *
        v.                      *   Civil Action WMN-10-2336
                                *
COMCAST CABLE COMMUNICATIONS    *
MANAGEMENT, LLC.                *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

**<u>MEMORANDUM</u>**

Pending before the Court are numerous motions: (1) Defendant's Motion for Summary Judgment as to Opt-In Plaintiff Michael Gallo, ECF No. 68; (2) Defendant's Motion for Summary Judgment as to Opt-In Plaintiff Edouard Saint Pierre, ECF No. 82; (3) Defendant's Motion to Compel Production of Documents from Opt-In Plaintiffs, ECF No. 78; (4) Defendant's Motion to Compel Responses to Defendant's Interrogatories and Admissions to Plaintiff Jerrelle Santana, ECF No. 79; (5) Plaintiff's Motion for Protective Order Barring or Limiting Depositions of Additional Unnamed Opt-In Plaintiffs, ECF No. 69; and (6) Defendant's Motion for Leave to take Fifteen Additional Depositions, ECF No. 71.  The motions are either fully briefed or unopposed.  Upon review of the papers and the applicable law the Court determines that (1) no hearing is necessary, Local Rule 105.6, (2) Defendant's motions to compel and motions for summary judgment will be granted, and (3) Plaintiff's motion for

a protective order and Defendant's motion for leave will be granted in part.

## I. BACKGROUND

This is a collective action brought by Joel Faust and Marshal Feldman (Named Plaintiffs) on behalf of themselves and others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (FLSA). Plaintiffs allege that Defendant, Comcast Cable Communications Management, LLC (Comcast), failed to pay them for work performed "off the clock" while they were employed by Comcast as Customer Account Executives (CAE). On November 1, 2011, the Court granted Plaintiffs' motion for conditional certification, in part. The Court conditionally certified a class under 29 U.S.C. § 216(b) that was limited to those individuals employed as CAEs at one of Comcast's call centers in White Marsh, Maryland, whose duty it was to perform telephone customer service, and who were required to log into and out of Comcast's telephone system. ECF No. 43. Following a period of Court-facilitated notice, 56 additional plaintiffs (Opt-In Plaintiffs) joined this litigation. In response to the parties' competing proposals concerning the conduct of discovery, see ECF No. 55, on March 27, 2012, the Court "limit[ed] the parties to 40 hours of deposition time per side," but "permit[ted] Defendant to obtain individualized discovery, in the form of up to 10 interrogatories and up to 10

2

requests for admissions from all opt-in Plaintiffs that it does not depose." ECF No. 56. In addition, the Court permitted Defendant to "serve up to 10 requests for production on all opt-in Plaintiffs, whether deposed or not." Id.

**II. DISCUSSION**

**A. Comcast's Motions to Compel**

Comcast has filed two motions to compel, neither of which has been opposed by Plaintiffs. The first motion, ECF No. 78, seeks an order compelling 12 Opt-In Plaintiffs to produce documents in accordance with Comcast's document requests which were served on June 15, 2012. Fed. R. Civ. P. 34(b)(2)(A) requires a party to respond to a request for documents in writing within 30 days of being served. To the extent that these Opt-In Plaintiffs' responses are still outstanding, the Court will grant Comcast's motion and order that these Plaintiffs respond in writing as required by Rules 34(b)(2)(B) & (C) and produce the requested documents consistent with Rule 34(b)(2)(E), within 14 days of the Court's Order.

Comcast's second motion, ECF No. 79, seeks an order compelling Opt-In Plaintiff Jerrelle Santana (Santana) to respond to interrogatories and requests for admission, both of which were served on August 6, 2012. Rule 33(b)(2) requires parties to respond to interrogatories with answers and any objections within 30 days of service. Therefore, the Court will

3

grant Comcast's motion with regard to Santana's interrogatory responses and order Santana to respond consistent with Rule 33 within 14 days of the Court's Order.  Comcast's motion will be denied, however, as it relates to Santana's responses to Comcast's requests for admission.  Unlike requests for production of documents and interrogatories, Rule 37(a)(3) does not allow a court to compel a response to requests for admission.  This is because Rule 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Id. (emphasis added).  Thus, the Court will deny Comcast's motion as it relates to Santana's failure to respond to Comcast's requests for admission.

   **B. Plaintiffs' Motion for Protective Order and Comcast's Motion for Leave**

On November 20, 2012, Plaintiffs filed a motion for a protective order barring Comcast from taking additional depositions of Opt-In Plaintiffs.  At the time the motion was filed, Comcast had already taken the ten depositions it was allowed under Rule 30(a)(2)(A).  Thus, in opposing Plaintiffs'

4


motion, Comcast filed its own motion for leave to take an additional 15 depositions.[1]

Three Federal Rules of Civil Procedure play into the resolution of this dispute.  As noted, Rule 30(a)(2)(A) requires that a party obtain leave of court if there has not been a stipulation as to the number of depositions and "the deposition would result in more than 10 depositions being taken."  Rule 26(b)(2)(C) provides that "the court <u>must</u> limit the frequency or extent of discovery" if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the party seeking the discovery has already had "ample opportunity" to obtain the information; or (3) the burden or expense of the requested discovery outweighs its likely benefit.  <u>Id.</u> (emphasis added).

---

[1] There is some dispute between the parties as to whether Comcast's motion for leave was properly made because it was incorporated into Comcast's opposition to Plaintiffs' motion seeking a protective order.  <u>See</u> ECF No. 73 at 2-3; ECF No. 76 (Plaintiffs' Opposition to Defendant's Motion for Leave to File a Reply Brief); ECF No. 77 at 2-3.  The Court finds no defect in the manner in which Comcast's request for leave was raised.  Comcast's request for leave was clearly made in its opposition, <u>see</u> <u>e.g.</u>, ECF No. 71 at 16, and to hold otherwise would be to elevate form over substance and run counter to the guidance provided in Fed. R. Civ. P. 1 that the rules of procedure "should be construed and administered to secure the just, speedy, and inexpensive administration of every action and proceeding."  As a result, the Court finds that Comcast's Motion for Leave to File a Reply Brief, ECF No. 76, is unnecessary.

Finally, Rule 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Plaintiff argues that permitting the extra depositions is unreasonable given "the relatively straightforward nature of this case." ECF No. 69 (Pls' Mem.) at 6. Specifically, Plaintiffs aver that 10 depositions is a reasonable number in this case because "all CAEs have identical job duties, are subject to the same policies, and work under one roof." Id. Plaintiffs appear to be concerned that some of the additional deponents would forego their claim in order to avoid appearing at deposition. Moreover, they argue that permitting more than 10 depositions would defeat the purposes of representative actions, namely, lowering costs to plaintiffs and efficiently resolving issues arising from the same alleged activity. Id. at 7 (quoting Dorsey v. TGT Consulting, 888 F. Supp. 2d 670, 689 (D. Md. 2012) (internal quotation omitted)).

Comcast responds by arguing that Plaintiffs cannot show that allowing it to take the additional depositions would be unduly burdensome or prejudicial to Plaintiffs. It claims that it made a strategic decision to use its 40 hours of deposition time in a certain manner and that Plaintiffs cannot complain about the extra depositions because Comcast revealed its desire

to take more than ten depositions as early as June 2012, but was not met with opposition by Plaintiffs until after Comcast took its tenth deposition.  Finally, Comcast argues that taking the additional depositions "will produce critical material facts . . . that will show that this action should not proceed collectively and will show that that Plaintiffs' claims are without merit."  ECF No. 71 (Def. Opp'n) at 11.

   The Court will grant each of the motions, in part.  As an initial matter, however, the Court believes it necessary to dispel Comcast's apparent belief that Plaintiffs engaged in a bait and switch campaign by failing to seek a protective order until after the tenth deposition.  See e.g., ECF No. 71 at 15 ("Plaintiffs' failure to timely object to Comcast's stated intention of taking the depositions of more than ten opt-in Plaintiffs . . .").  As Plaintiffs point out in their reply, it was their right to rely on Comcast's presumed – indeed, expected – adherence to the rules.  ECF No. 73 at 2.  To the extent that Comcast intended to take more than 10 depositions, it was Comcast's burden to raise that issue with Plaintiffs and if no agreement was reached, to seek leave of the Court.  Fed. R. Civ. P. 30(a)(2); Adv. Sterilization Prods. V. Jacob, 190 F.R.D. 284, 286 (D. Mass. 2000) ("a party seeking to take more than ten depositions must explicitly seek and obtain leave of court

7

before that party can commence any depositions in excess of the ten-deposition limit") (emphasis in original).

Notwithstanding Plaintiffs' right to expect Comcast to adhere to the rules, the Court finds it appropriate to allow Comcast to take a modest number of additional depositions. First, courts have allowed defendants to take depositions of more than ten opt-in plaintiffs where the deposition relates to whether the individual plaintiffs are similarly situated. See Camp v. Lupin Pharms., Inc., No. 3:10CV1403(RNC), 2011 U.S. Dist. LEXIS 134639, at *2-3 (D. Conn. 2011); Daniel v. Quail Int'l, Inc., No. 3:07-CV-53 (CDL), 2010 U.S. Dist. LEXIS 294, at *3-5 (M.D. Ga. 2010). That is clearly what Comcast is seeking to do in this case. ECF No. 71 at 10-14.

The Court, however, will not grant Comcast leave to take the full 15 depositions that it has requested. As noted above, Rule 26(b)(2)(C) provides that a court "must limit the frequency or extent of discovery" if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Id. (emphasis added). Comcast's briefing makes clear that it has already collected a substantial quantity of evidence to support its position on decertification. See, e.g., ECF No. 71 at 11 ("the deposition testimony of the opt-in Plaintiffs whom Comcast has deposed to date shows

distinct and significant differences in the opt-in Plaintiffs' claims and factual allegations"), 12 ("the deposition testimony reveals that opt-in Plaintiffs have disparate claims regarding when the alleged off-the-clock work occurred"); ECF No. 77 at 3, 5-6. Thus, the Court finds that allowing Comcast to take 15 more depositions would be unreasonably cumulative and duplicative. Moreover, the Court finds – as it did in issuing its previous Order on discovery – that the best way "to balance the costs of the requested discovery with its likely benefits" is still to permit Comcast to obtain individualized discovery in the form of document requests, interrogatories, and requests for admission from the Opt-In Plaintiffs.[2] ECF No. 56 at 2. Therefore, the Court will permit each side to take three (3)

---

[2] In its reply, Comcast argues that leave must be granted because "depositions are far and away the best method for it to gather information that will allow it to defend itself on the merits of Plaintiffs' claims and to establish that this class should be decertified" and that the written discovery it has received is unhelpful because it "lack[s] the detail and variation that Comcast has obtained when it asks similar questions at deposition." ECF No. 77 at 6. That depositions may be a "better" form of discovery in Comcast's opinion does not require the Court to grant Comcast's request, particularly when it is also likely to be more expensive than written discovery. The Court also notes that despite the complaints it now levels regarding Plaintiffs' answers to interrogatories, Comcast has not moved to compel under Fed. R. Civ. P. 37 and Local Rule 104.8.a, on the ground that those answers are insufficient.

additional depositions beyond the ten allowed under the Rules, up to the Court's previously set time limit of 40 hours.[3]

### C. Comcast's Motions for Summary Judgment

Comcast has moved for summary judgment with respect to two Opt-In Plaintiffs, Edouard Saint Pierre (Saint Pierre) and Michael Gallo (Gallo).  Fed. R. Civ. P. 56 provides that summary judgment is appropriate if the moving party shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  In making this determination, the Court must draw all justifiable inferences from the evidence in favor of the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

FLSA requires that employees be compensated at a rate of "not less than one and one-half times the regular rate" at which they are employed when they work more than 40 hours in a workweek.  29 U.S.C. § 207(a)(1).  With regard to Saint Pierre, it is undisputed[4] that he did not work more than 40 hours during any of the weeks he was employed by Comcast.  Therefore, the Court will grant Comcast's motion.

---

[3] Because discovery has closed in this matter under the Court's scheduling order, the Court will also order that the parties confer and submit a proposed schedule outlining (1) the amount of time required to take any additional depositions, and (2) a proposed briefing schedule on the issue of decertification.

[4] Comcast's Motion was not opposed.

10

With regard to Gallo, Comcast argues that Gallo's claim is time barred.  The limitations period under FLSA is generally two years unless the alleged violation is willful, in which case it is three years.  29 U.S.C. § 255(a).  The statute also provides that an action is commenced on behalf of an opt-in plaintiff such as Gallo on the date the date his written consent to become a party plaintiff is filed with the court.  29 U.S.C. § 256.  Gallo filed his consent to join this action on December 21, 2011.  ECF No. 49-1.  Thus, the limitations period for Gallo extended back to December 21, 2008.  Gallo's employment with Comcast terminated on February 6, 2009, and it is undisputed that between December 21, 2008 and February 6, 2009, Gallo did not perform more than 40 hours of work in a workweek.

Gallo asks that the Court equitably toll the statute of limitations from November 1, 2011, the date that the Court conditionally certified this action as a collective action under 20 U.S.C. 216(b).  Equitable tolling is an unusual remedy that is applied in two distinct situations: (1) when a plaintiff was prevented from asserting his claim by wrongful conduct by the defendant, and (2) where some "extraordinary circumstances beyond [the] plaintiff['s] control made it impossible to file the claims on time."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  Here, Gallo argues that tolling is warranted because "the claims of many potential opt-in Plaintiffs,

11

including Gallo, were diminished or extinguished outright" during the time the Court was considering Plaintiffs' motion for conditional certification.  ECF No. 70 at 2.  Thus, Gallo's argument is not that Comcast prevented him from asserting his claim, but that the delay between the Named Plaintiffs' filing the motion for conditional certification and the Court's ruling constituted an "extraordinary circumstance[]" beyond his control which made it "impossible" for him to file his claims on time.  Harris, 209 F.3d at 330.

Gallo's argument is not sufficient for the Court to equitably toll the statute of limitations.  The Fourth Circuit in Harris emphasized that "the invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  209 F.3d at 330.  As other courts have noted under similar circumstances, that would be the result if the statute of limitations was tolled here.  See Woodward v. FedEx Freight E., Inc., 250 F.R.D. 178, 194 (M.D. Pa. 2008) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period."); Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218,

12

1244 (S.D. Ala. 2008) ("To hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one."). Moreover, the lapse of time between filing the motion for conditional certification and the Court's ruling cannot be considered an extraordinary circumstance that requires tolling because, during that time, Gallo was not prevented from joining this case or from filing his own lawsuit. Because the Court will not toll the statute of limitations and because it is undisputed that Gallo did not work more than 40 hours in any workweek between December 21, 2008, and February 6, 2009, the Court will grant Comcast's motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, Comcast's Motion to Compel Production of Documents From Opt-In Plaintiffs, ECF No. 78, will be granted; Comcast's Motion to Compel Responses to Defendant's Interrogatories and Admissions to Plaintiff Jerrelle Santana, ECF No. 79, will be granted, in part; Plaintiffs' Motion for a Protective Order Barring or Limiting Depositions of Additional Unnamed Opt-In Plaintiffs, ECF No. 69, and Comcast's Motion For Leave to Take Fifteen Additional Depositions, ECF No. 71, will be granted, in part; Comcast's Motion for Summary Judgment as to

Opt-In Plaintiff Edouard Saint Pierre, ECF No. 82, will be granted, and; Comcast's Motion for Summary Judgment as to Opt-In Plaintiff Michael Gallo, ECF No. 68, will be granted. A separate Order will issue.

                                                /s/
                            William M. Nickerson
                            Senior United States District Judge

April 3, 2013