IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND


JOEL FAUST et al.              *
                               *
v.                             *    Civil Action No. WMN-10-2336
                               *
COMCAST CABLE COMMUNICATIONS   *
MANAGEMENT, LLC                *
                               *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

                              **MEMORANDUM**

     Before the Court is Defendant Comcast Cable Communications

Management, LLC's Motion for Partial Summary Judgment as to

Named Plaintiffs Joel Faust and Marshall Feldman.  ECF No. 98.

The Motion is fully briefed and is ripe for review.  For the

reasons stated, the Court determines that no hearing is

necessary, Local Rule 105.6, and the motion will be granted in

part and denied in part.

  I.    **FACTUAL AND PROCEDURAL BACKGROUND**

     On August 23, 2010, Named Plaintiffs Joel Faust and

Marshall Feldman (collectively referred to as "Plaintiffs")

filed a Complaint against Defendant Comcast Cable Communications

Management, LLC ("Comcast"), alleging violations of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the

Maryland Wage and Hour Law, Md. Code Ann., Labor & Empl. § 3-401

et seq., and the Maryland Wage Payment and Collection Law, Md.

Code Ann., Labor & Empl. § 3-501 et seq.  Plaintiffs filed the

                                   1

Complaint "individually and on behalf of all others similarly situated." ECF No. 1 at 1. The Complaint contains three counts, captioned as: I) "Violation of the Fair Labor Standards Act (Collective Action);" II) "Violation of the Maryland Wage and Hour Law (Class Action);" and III) "Violation of the Maryland Wage Payment and Collection Law (Class Action)."[1] Id. at 8, 9, 11. Plaintiffs allege that Comcast failed to pay them for work performed "off the clock" while employed by Comcast as Customer Account Executives (CAEs). At the time they filed the Complaint, the Plaintiffs did not file separate forms expressly stating that they gave their consent to become party plaintiffs in the FLSA suit.[2]

Plaintiff Faust was employed full-time as a CAE with Comcast until May 26, 2010. Feldman was employed as a CAE with Comcast until his retirement on April 2, 2010. Although he was previously employed full-time, Feldman switched to part-time status at some point in 2008. Feldman stated in his deposition that he believed he became a part-time employee in October or November 2008, ECF No. 98-2 at 4-5, but Comcast's personnel records reflect that Feldman's schedule change occurred in March 2008. See ECF No. 107-1. After becoming a part-time employee,

---

[1] Count III has since been dismissed. See ECF No. 103.
[2] Several dozen other individuals have filed written consents to be party plaintiffs in the action.

2

Feldman did not work over forty hours in any week.  ECF No. 98-2 at 4-5.

Nearly three years after the Complaint was filed,[3] Comcast filed the present Motion for Partial Summary Judgment as to Named Plaintiffs Faust and Feldman, raising expressly for the first time the adequacy of Faust and Feldman's written consent under the FLSA.  Specifically, Comcast argues that Plaintiffs failed to file separate written consent forms with this Court as required by 29 U.S.C. §§ 216 and 256, and, as a result, the statute of limitations has run with respect to their FLSA claims.[4]  Further, Comcast argues that Plaintiffs are not permitted to continue suit against Comcast individually because, although the Complaint states that Plaintiffs filed suit both individually and on behalf of others similarly situated, dual capacity suits are not permissible under the FLSA. Alternatively, Comcast argues that, because Plaintiffs have primarily treated the action as a collective action, they should not be permitted to switch course to an individual action midstream.

---

[3] During those three years, the parties filed numerous motions, including a motion for conditional certification under the FLSA and multiple discovery-related motions. See, e.g., ECF Nos. 69, 78, 77, 93. Additionally, Comcast has filed two prior motions for summary judgment as to other opt-in plaintiffs. See ECF Nos. 68, 82.

[4] Comcast does not claim, at this juncture, that it is entitled to summary judgment with respect to Plaintiffs' claims under the Maryland Wage and Hour Law.

3

In defense, Plaintiffs offer a variety of alternative arguments. First, they contend that the FLSA does not require that named plaintiffs file a separate, redundant written consent. Even if the FLSA does require written consent from named plaintiffs, they argue, Faust and Feldman's signed Declarations and Answers to Interrogatories, filed on April 22, 2011, satisfy the requirement. Alternatively, they contend that, by waiting nearly three years into the litigation to raise the assertion that their consent was inadequate, Comcast has waived the argument. Last, should the Court determine that Named Plaintiffs cannot continue as part of the collective FLSA action, Plaintiffs contend that Faust and Feldman should be permitted to continue the suit individually.

## II. LEGAL STANDARD

Summary judgment is appropriate if the record before the court "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 377 U.S. 317, 322-23 (1986). A fact is material if it might "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, the Court "views all facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party."

4

Housley v. Holquist, 879 F. Supp. 2d 472, 479 (D. Md. 2011) (citing Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987)).

### III. DISCUSSION

#### A. Named Plaintiffs in an FLSA Collective Action Must File Written Consents

A cause of action for unpaid overtime compensation "accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." Truslow v. Spotsylvania County Sheriff, 783 F. Supp. 274, 279 (E.D. Va. 1992). To qualify for relief under the FLSA, a plaintiff must commence his or her action within two years of the accrual of the cause of action, or, where a "cause of action arising out of a willful violation" is alleged, within three years. 29 U.S.C. § 255(a). In determining when an action is commenced for purposes of the limitations period, "it shall be considered to be commenced in the case of any individual claimant—

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

Id. Similarly, Section 216 provides, in relevant part, that "[n]o employee shall be a party plaintiff to [an action to recover unpaid overtime] unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Comcast contends that the FLSA requires all plaintiffs – including all named plaintiffs – to file a written consent with the Court in order to become a party plaintiff and toll the applicable statute of limitations. Because neither Faust nor Feldman filed separate written consents, Comcast argues, the limitations period was not tolled and, more than three years having passed since either Named Plaintiff was employed by Comcast, has now expired. Plaintiffs argue that the FLSA does not require a named plaintiff to file a separate written consent. Requiring a separate consent from named plaintiffs does not further the purpose of the consent requirement, which is to "make the members of the class of unnamed plaintiffs who wished to participate in, and be bound by, the action identify themselves for the benefit of the defendant." Allen v. Atlantic Richfield Co., 724 F.2d 1131, 1135 (5th Cir. 1984). Rather, Plaintiffs assert that the filing of the Complaint, "individually and on behalf of all others similarly situated," constituted sufficient notice to Comcast that Plaintiffs intended to be members of the class of plaintiffs, and that to

6

require a named plaintiff to file a separate consent is redundant.

Courts have repeatedly interpreted Section 256 as requiring all plaintiffs in an FLSA collective action, whether named or unnamed, to file written consents to toll the statute of limitations. See, e.g., Harkins v. Riverboat Servs., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004); In re Food Lion, Inc., Nos. 94-2360 et al., 1998 WL 322682, at *13 (4th Cir. June 4, 1998) (per curiam). But see Vargas v. General Nutrition Centers, Inc., No. 2:10-cv-867, 2012 WL 5336166, at *5 (W.D. Pa. Oct. 26, 2012) ("For named plaintiffs, an action is commenced on the date they file the Complaint."). Although the filing of a separate written consent by a plaintiff named in a complaint may be redundant, see In re Food Lion, 1998 WL 322682, at *13, it is nevertheless required by the plain, unambiguous meaning of the statutory text. See, e.g., Frye v. Baptist Memorial Hospital, Inc., 495 F. App'x 669, 675 (6th Cir. 2012). Section 256 "is expressly conjunctive," requiring both the filing of a complaint and written consents. Harkins v. Riverboat Servs., Inc., No. 99 C 123, 2002 WL 32406581, at *2 (N.D. Ill. May 17, 2002), aff'd, 385 F.3d 1099 (7th Cir. 2004). Thus, the Court determines that, "[u]ntil a plaintiff, even a named plaintiff, has filed a written consent, []he has not joined in the [collective] action,

7

at least for statute of limitations purposes." <u>Songu Mbriwa v. Davis Memorial Goodwill Indus.</u>, 144 F.R.D. 1, 2 (D.D.C. 1992).

### B. **Comcast Did Not Waive its Objection to Plaintiffs' Consent**

Plaintiffs argue that, if written consent was required, Defendant Comcast waived its objection to the inadequacy or absence of Plaintiffs' consent. Specifically, Plaintiffs note that Comcast has engaged in the present litigation for nearly three years without raising the absence or validity of their consent, including filing two prior motions for summary judgment as to other plaintiffs, but waited until immediately after the asserted expiration of the statute of limitations to file the motion for summary judgment. Plaintiffs contend that, to raise the issue now after protracted proceedings is in effect to ambush Plaintiffs with a "trump" card – a litigation tactic of the sort that the doctrine of waiver is designed to prevent.

Comcast argues that it did not waive its objection to Plaintiffs' consent because, in its Answer, it asserted as an affirmative defense that Plaintiffs' claims were barred by limitations. Moreover, because Plaintiffs demonstrated their knowledge that written consents were generally required in FLSA actions by, for example, requesting that notice be issued "at the earliest possible time," <u>see</u> ECF No. 1 at 13, and filing written consents on behalf of opt-in plaintiffs, Comcast argues

8

that Plaintiffs were on notice that written consents were required.  Thus, Comcast contends that it was under no obligation to explicitly alert Plaintiffs to their failure to file written consents at an earlier time.

An affirmative defense is "the defendant's assertion raising new facts and argument that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true."  Emergency One, Inc. v. American Fire Eagle Engine Co., Inc., 332 F.3d 264, 271 (4th Cir. 2003).  "One of the core purposes of [Federal Rule of Civil Procedure] 8(c)[, which governs the pleading of affirmative defenses,] is to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice."  Saks v. Franklin Convey Co., 316 F.3d 337, 350 (2d Cir. 2003).  Generally, affirmative defenses, such as the running of the statute of limitations, must be pled in an answer or they are waived.  Fed. R. Civ. P. 8(c).  Where unfair surprise and prejudice to the plaintiff will not result, however, a defendant may raise an affirmative defense for the first time in a dispositive pre-trial motion.  See, e.g., Grunley Walsh U.S., LLC v. Raap, 386 F. App'x 455, 459 (4th Cir. 2010).

Plaintiffs appear to argue primarily that the absence or insufficiency of written consent and the statute of limitations are two separate affirmative defenses, and alternatively, that

9

Comcast's generalized statute of limitations defense was insufficient to provide notice to Plaintiffs of the absence of their consent. Although the filing of consent and the running of the limitations period are perhaps arguably distinct, cf. Patten Grading & Paving, Inc. v. Skanska USA Building, Inc., 380 F.3d 200, 205 n.3 (4th Cir. 2004) (distinguishing between the failure to invoke an arbitration clause and whether the resultant participation in litigation amounted to a default under the Federal Arbitration Act), they are also undoubtedly intertwined. Because the statute of limitations is not tolled in an FLSA collective action as to a particular plaintiff absent the filing of a written consent, an asserted limitations defense is logically sufficient to put the plaintiff on notice that the statute of limitations has not been properly tolled. By implication, therefore, a limitations defense alerts plaintiff's counsel also to a potential deficiency in consent.

Although the Court is sympathetic to the Plaintiffs' argument, Plaintiffs provide no authority for their position that the absence or insufficiency of written consent must be separately pleaded as an affirmative defense in an FLSA action. Rather, courts have noted that the assertion of a statute of limitations defense is sufficient to note and preserve an objection to a plaintiff's consent. See Matuska v. NMTC, Inc., Civ. No. 10-3529(JAP), 2012 WL 1533779, at *3 n.6 (D.N.J. Apr.

30, 2012) (defendant was not barred from objecting to Plaintiffs' written consents after lengthy discovery and depositions where it asserted in its answer an affirmative defense stating "Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations"). Additionally, courts have noted, in similar procedural postures, that the defendant "ha[s] no duty to inform" the plaintiff of his or her failure to file a written consent to join the collective action, "or to assert that he [or she] was required to do so [prior to the running of the limitations period]." Frye v. Baptist Memorial Hospital, Inc., No. 07-2708, 2011 WL 1595458, at *8 (W.D. Tenn. Apr. 27, 2011). Thus, Comcast's assertion of the statute of limitations defense in its Answer was sufficient to put Plaintiffs on notice that the statute of limitations had not been properly tolled. Comcast did not waive its objection to Plaintiffs' consent.

### C. **Plaintiffs Filed Written Consents on April 22, 2011**

Plaintiffs alternatively contend that, if Comcast did not waive its objection, Faust and Feldman complied with the written consent requirement by filing signed Declarations and Answers to Interrogatories on April 22, 2011. See ECF Nos. 23-4, 23-5, 23-7, 23-8. The FLSA requires only that a plaintiff give consent, to be filed with the court, in writing. 29 U.S.C. § 216(b). "While it is clear that some document in addition to the

11

complaint must be filed, it is not clear what form the written consent must take, especially when the alleged party plaintiff is a named plaintiff." D'Antuono v. C & G of Groton, Inc., No. 3:11cv33 (MRK), 2012 WL 1188197, at *2 (D. Conn. Apr. 9, 2012). Courts have generally shown "considerable flexibility" with respect to the form of consent, Manning v. Gold Belt Falcon, LLC, 817 F. Supp. 2d 451, 454 (D.N.J. 2011), requiring only that "the signed document verif[y] the complaint, indicate[] a desire to have legal action taken to protect the party's rights, or state[] a desire to become a party plaintiff." Perkins v. S. New England Tel. Co., No. 3:07-cv-967, 2009 WL 3754097, at *3 n.2 (D. Conn. Nov. 4, 2009).

Plaintiffs contend that their signed declarations and answers to interrogatories, filed with the Court on April 22, 2011, operate as their written consent under sections 216 and 256 of the FLSA. Specifically, Plaintiffs note that the documents state facts supporting their individual and representative claims, "prominently indicate the pendency of this case," identify themselves as "named Plaintiffs," and refer to "this litigation." See ECF No. 102 at 5. Comcast contends that, because the declarations and interrogatories do not state explicitly "I consent" to the action, they are insufficient to meet the FLSA's requirements.

In support for its contention that explicit language is required to provide consent, Comcast points to Manning v. Gold Belt Falcon, LLC. In Manning, the court determined that a signed declaration, which stated in relevant part "I am the named Plaintiff in this action," was sufficient to acknowledge participation in the lawsuit. 817 F. Supp. at 454-55. Although the Manning court approved of the express consent as sufficient under the FLSA, it did not state that such express consent is required. Indeed, courts have considered less explicit statements to be sufficient to demonstrate consent. For example, in D'Antuono, the court read broadly an affidavit executed by the plaintiff as implicitly verifying the complaint and her desire to participate in the suit.[5] Moreover, the court considered relevant that the plaintiff had already participated in a lengthy deposition. 2012 WL 1188197, at *4.

The Court declines to read the consent requirement of Sections 216 and 256 so strictly as to require that a plaintiff explicitly state "I consent" or "I am the named Plaintiff" in order to join a collective action under the FLSA. Rather, a signed declaration that "manifests a clear intent to be a party

---

[5] The court in D'Antuono noted that the only possible statement relevant to consent in the affidavit read: "'Given my current financial circumstances and my understanding of the costs associated with arbitration, I cannot afford to arbitrate my claims and I could not afford to undertake this litigation and pursue my rights if I lost at arbitration.'" 2012 WL 1188197, at *3.

13

plaintiff" is sufficient to operate as consent.  Id.  Thus, the Court must determine whether Plaintiffs' signed declarations and answers to interrogatories demonstrate a clear intention to join the collective action.  As the Court noted in D'Antuono, "[t]his question is a close one, and one which would not have arisen had [Plaintiffs'] counsel simply ensured that a written consent form was filed along with the complaint."  Id.

Here, Plaintiffs' signed declarations each indicate the respective plaintiff's willingness to testify in the matter and the underlying facts of the litigation.  Additionally, each declaration acknowledges that Comcast's alleged practices applied to all CAEs.  ECF Nos. 23-4, 23-5.  Similarly, each signed Answers to Interrogatories repeatedly designate Faust and Feldman, respectively, as a plaintiff in the suit, describe the facts underlying the litigation, and refer to the "named Plaintiffs" as individuals with "personal knowledge of the facts at issue in the case."  ECF Nos. 23-7 at 3; 23-8 at 3.  Moreover, both Faust and Feldman have participated in depositions.  Thus, the Court finds that Faust and Feldman filed sufficient written consent with the Court on April 22, 2011.

Comcast contends that, even if Plaintiffs' alleged April 22 consent was valid, it is still entitled to summary judgment as to Plaintiff Feldman and as to that portion of Plaintiff Faust's claim arising prior to April 22, 2008 because, assuming a three-

year statute of limitations applies, the entirety of Feldman's and a portion of Faust's FLSA claims are time barred. Specifically, with respect to Feldman, Comcast contends that he did not work more than forty hours a week after March of 2008. In support, Comcast attached to its Reply internal e-mails confirming Feldman's switch to a part-time schedule, an HR form indicating that Feldman switched to part-time effective March 9, 2008, and pay records from June 2007 through the end of his employment with Comcast. See ECF No. 107-1. Based on these records, Comcast argues that the last time Feldman worked more than forty hours in one week was more than three years prior to Feldman's institution of his FLSA suit.[6] Feldman testified in his deposition, however, that although he was not sure precisely when he became a part-time employee, he "believe[d]" that it was "October or November 2008." See ECF No. 98-2 at 68-69.

Comcast claims that, because it presented documentation supporting its assertion that Feldman switched to part-time status in March of 2008, Feldman's claim is no more than speculation and does not raise a genuine issue of material fact. The Court agrees. The transcript of Feldman's deposition reads:

    Q    Do you remember when you went part time?

---

[6] In his deposition, Feldman stated that he did not work more than forty hours in any week from the time he went part time until he left his job. ECF No. 98-2 at 5.

15

```
    A    I think it was, like, October or November of
         2008, I believe.  I'm not really sure of that.  I'm
         pretty sure that's what it was.
```

ECF No. 98-2 at 4-5.  Feldman's unsupported beliefs, which are contradicted by the factual record, are not sufficient to create a genuine issue of material fact regarding when he reduced his hours with Comcast.  See Iko v. Shreve, 535 F.3d 225, 230 (4th Cir. 2008) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." (quoting Scott v. Harris, 550 U.S. 372, 380 (2007))).

With respect to Plaintiff Faust, Comcast contends that it is entitled to summary judgment on any portion of Faust's claim arising prior to April 22, 2008.  As noted above, the Court determines that Faust filed written consent on April 22, 2011.  Therefore, Faust's suit commenced and the statute of limitations was tolled on that date.  Because Faust alleges a willful violation of the FLSA, the three-year statute of limitations applies, and any claim arising prior to April 22, 2008 is barred.  Summary judgment will therefore be granted to the extent that Plaintiff Faust claims overtime compensation for work performed prior to April 22, 2008.

### D. **Plaintiffs May Not Continue Suit in an Individual Capacity**

Finally, Plaintiffs argue that, to the extent that their collective action claims are barred, they may still proceed individually. Because the FLSA consent requirement applies only to collective actions, Plaintiffs contend that they properly tolled the statute of limitations with respect to their individual claims upon filing the Complaint. Comcast argues, by contrast, that the FLSA does not permit plaintiffs to proceed in both individual and collective capacities. Further, even if it does, Comcast asserts that Plaintiffs did not indicate with sufficient clarity at the outset of the suit their intent to file claims individually. As a result, Comcast was not on notice and Plaintiffs should not be permitted to change course midstream.

The FLSA provides that an individual may file suit for overtime compensation "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Although the Fourth Circuit has never stated expressly that dual capacity suits are permitted under § 216 of the FLSA, it has also "never foreclosed the possibility." Smith v. Central Security Bureau, Inc., 231 F. Supp. 2d 455, 460 (W.D. Va. 2002). In Smith, the court read Fourth Circuit precedent as suggesting that, "where the record reveals an intent to file an

17

individual claim, and the individual claim is timely filed, it should be allowed to continue, notwithstanding the individual plaintiff's failure to timely file a consent to join the collective action." Id. (discussing In re Food Lion, Inc., Nos. 94-2360 et al., 1998 WL 322682 (4th Cir. June 4, 1998)).

To the extent that the FLSA permits the filing of dual capacity actions, therefore, the Court must determine whether the record reveals an intention to file an individual claim. A plaintiff's complaint, to be construed as proceeding in a dual capacity, must "clearly put the employer and the court on notice of" his intention to file in an individual capacity. Id. at 461. Compare id. (plaintiffs proceeding "individually and on behalf of [others]" may properly assert a dual capacity action) with Frye, 2011 WL 1595458, at *5 (plaintiffs proceeding "on behalf of themselves and all other similarly situated hourly employees" asserted only a representative, and not an individual, action). In addition to the caption, the face of the complaint itself is relevant in determining whether a plaintiff intended to proceed in an individual capacity. See, e.g., Ochoa v. Pearson Educ., Inc., Civ. No. 11-cv-1382 (DMC-JAD), 2012 WL 95340, at *4 (D.N.J. Jan. 12, 2012) (examining both the caption and the allegations of the complaint to determine whether the plaintiff brought his FLSA action in a dual capacity).

Here, Plaintiffs' Complaint appropriately states that it is filed by Plaintiffs Faust and Feldman "Individually, and on Behalf of All Others Similarly Situated." ECF No. 1 at 1. The allegations of the Complaint, however, contain no reference to an individual capacity action. Rather, the Complaint states that "Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b)," and "Plaintiffs bring their MWHL overtime claims and MWPCL unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23." Id. at ¶¶ 6-7. Further, Count I, the only count to allege a violation of the FLSA, is captioned specifically as a collective action. Id. at 8. To the extent that the allegations under Count I refer to individuals, they appear to refer to the potential opt-in plaintiffs, rather than Faust and Feldman in their individual capacities. See id. at ¶¶ 37, 39. Moreover, although Plaintiffs repeated the phrase "individually and on behalf of all others similarly situated" in multiple court filings, never did Plaintiffs assert, in any other manner, their intention to proceed by way of anything other than a collective action. A mere recitation in pleadings of the phrase "individually and on behalf of all others similarly situated," absent any further indication in the Complaint or subsequent filings of an intention to proceed in a dual capacity, is not

19

sufficient to put the employer and the Court on notice of an individually-filed action.

IV. **CONCLUSION**

For the foregoing reasons, Defendant Comcast's Motion for Partial Summary Judgment as to Named Plaintiffs Joel Faust and Marshall Feldman will be granted in part and denied in part. A separate order will issue.

/s/
William M. Nickerson
Senior United States District Judge

DATED: October 9, 2013